3001930

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Patricia Morris | Case No. 3:11CV 304 |
| Plaintiff, | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| v. | |
| Wyse Financial Services, Inc. | |
| Defendant. | JURY DEMAND ENDORSED HEREIN |

### PARTIES

1. Plaintiff is a natural person who resided in South Bend, Indiana at all times relevant to this action.

2. Defendant is a Colorado corporation that maintained its principal place of business in Denver, CO at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Applied Bank, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around July 20, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

14. The debt in question was listed on Plaintiff's bankruptcy petition.

15. On or around October 21, 2010, Defendant telephoned Plaintiff with respect to the collection of the debt.

16. During this communication, Plaintiff notified Defendant that Plaintiff had filed a Chapter 7 bankruptcy and that the debt was included in the filing.

17. Despite knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff in connection with the collection of the debt on or around October 22, 2010, December 6, 2010, January 10, January 11, and January 12, 2011.

18. Defendant caused Plaintiff emotional distress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

21. In support hereof, Plaintiff incorporates paragraphs 15-17 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Nicholas J. Prola
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Fax: 312-822-1064
Email: npr@legalhelpers.com
Attorneys for Plaintiff